UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>INB INSURANCE SERVICES CORPORATION,<br><br>Defendant. | Case No. 18-cv-03372-JST<br><br>**ORDER DENYING DEFENDANT'S (1) MOTION TO DISMISS OR STAY AND (2) REQUEST FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(d)**<br><br>Re: ECF Nos. 19, 20 |

Before the Court is Defendant's motion to dismiss or stay this case. ECF No. 19. The Court will deny the motion.

Plaintiff's motion for summary judgment is also before the Court. ECF No. 18. Defendant has requested relief under Federal Rule of Civil Procedure 56(d). ECF No. 20. The Court will deny Defendant's request and order supplemental briefing.

## I.   BACKGROUND

The complaint alleges the followings: Defendant INB Insurance Services Corporation obtained insurance for West Overland, LLC, through Travelers Casualty Insurance Company of America, for property located at 1000-1036 West Agpar Street, Oakland, California. ECF No. 1 ¶ 7. The policy "included an endorsement, entitled 'Protective Safeguards Endorsement For Sprinklered Locations And Restaurants' ('PSE')," which "stated that, as a condition of insurance, West Overland was required to maintain an automatic fire protective or extinguishing system, and further stated that Travelers would not pay for loss or damage caused by or resulting from fire, if the fire protective system was not maintained in working order prior to the fire." *Id.* ¶ 8. INB "allegedly knew that only two of the 19 units [at the insured property] had fire sprinkler systems,

and allegedly failed to properly communicate that information to Travelers." *Id.* ¶ 9. "[T]he Travelers policy was issued and continually renewed with the inclusion of the PSE, and . . . INB allegedly did not review the policy or object to the issuance of the PSE." *Id.* ¶ 10.

West Overland submitted a claim to Travelers following a July 6, 2016 fire. Travelers denied coverage based on the PSE and its determination "that only two of the apartment units at the Agpar property were sprinklered, and the systems in those units were not operative at the time of the 2016 fire." *Id.* ¶ 12.

A second fire occurred on May 13, 2017. *Id.* ¶ 15. West Overland again submitted a claim to Travelers, which again denied the claim based on the PSE. *Id.*

At the time of both fires, INB had "Insurance Professionals Errors And Omissions Liability Insurance" issued by Plaintiff General Insurance Company of America. *Id.* ¶ 5. One policy ran from January 1, 2016, to January 1, 2017, and a second policy ran from January 1, 2017, to January 1, 2018. *Id.* The 2016 policy "is subject to an each claim limit of $1,000,000 and a policy aggregate limit of $2,000,000," and the 2017 policy "is subject to an each claim limit of $2,000,000 and a policy aggregate limit of $2,000,000." *Id.* Both policies provide that:

> Two or more covered **claims** arising out of a single **wrongful act** or arising out of any series of related **wrongful acts** will be considered a single **claim**. The single **claim** will be subject to the "Limit of Liability – Each Claim" in effect at the time such **claim** was first made against the Insured. Only one deductible will apply to such single claim. If the first of such **claims** is made prior to the effective date of this policy, no coverage shall apply to any subsequent claims made during this **policy period** which are based upon the same or related **wrongful acts**.

*Id.* ¶ 6 (Section V.A) (emphases in original).

West Overland sued both Travelers and INB in state court, alleging breach of insurance contract and bad faith against Travelers, and professional negligence and misrepresentation against INB. *Id.* ¶ 13. The case was filed after the first fire but before the second. *Id.* INB tendered defense of the action to General, which "accepted the tender of defense under the 2016 General policy, subject to a full and complete reservation of rights." *Id.* ¶ 14.

West Overland amended its complaint following the second fire. *Id.* ¶ 15 & Ex. C. INB asked General "whether the claims arising from the 2017 fire would constitute a new 'claim'

2

thereby triggering a separate limit of insurance under the 2017 General policy." *Id.* ¶ 16. General "notified INB in writing that, under the terms of the General policies, the maximum available limit for covered damages awarded against INB in the West Overland action is $1,000,000, which is the Each Claim limit of liability in the 2016 General policy." *Id.* ¶ 17. General agreed to "continue to defend INB under a full and complete reservation of rights." *Id.*

Thus, General is not challenging its duty to defend claims arising out of the 2016 and 2017 fires. But it contends that "no coverage is afforded" under the 2017 policy:

> [B]ecause the two "claims" brought against INB arise out of a single "wrongful act" or series of related "wrongful acts," they will be considered a single "claim," subject to the $1,000,000 Each Claim Limit of Liability of the 2016 General policy. Since the first of the claims was made prior to the effective date of the 2017 General policy and the claim made under the 2017 General policy is based upon the same or related wrongful acts giving rise to the first claim, no coverage is afforded under the 2017 General policy. As such, the $2,000,000 Each Claim limit of liability under the 2017 General Policy is unavailable to pay any damages awarded against INB in the West Overland action.
>
> . . . General is informed and believes that INB contends that West Overland's allegations against it involve two or more claims arising out of multiple wrongful acts or a series of unrelated wrongful facts such that coverage is afforded under the 2017 General policy thereby making its $2,000,000 Each Claim limit of liability available to pay any damages awarded against INB in connection with the 2017 fire.

*Id.* ¶¶ 20-21. General seeks a declaratory judgment that "the allegations made against INB in the West Overland action represent a single 'claim,' subject to the $1,000,000 Each Claim limit of the 2016 General policy" and "that no coverage is afforded under the 2017 General policy." *Id.* at 9.

General filed a motion for summary judgment, and INB filed a motion to dismiss or stay. ECF Nos. 18, 19. In opposing General's motion, INB requested relief under Federal Rule of Civil Procedure 56(d), which allows a court to deny or defer ruling on a summary judgment motion "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." ECF No. 20. The Court vacated the summary judgment motion hearing, explaining that it would decide the motion to dismiss or stay before considering the motion for summary judgment. ECF No. 27. The Court will now deny INB's motion to dismiss or stay, deny INB's Rule 56(d) request, and order supplemental briefing for the reasons

3

discussed below.

**II.     MOTION TO DISMISS OR STAY**

**A.     Legal Standard**

When determining whether to exercise jurisdiction over a declaratory judgment action, "[t]he district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (referring to factors set forth in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942)). These "*Brillhart* factors are not exhaustive," and the court might also consider:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Id.* at 1225 n.5 (quotation marks and citation omitted).

"If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. . . .  However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Id.* Nor is there "authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." *Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992).

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Exercising this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

4

**B.     Discussion**

Deciding the coverage question raised in General's complaint would require a determination based solely on state law. The first *Brillhart* factor therefore weighs in favor of declining jurisdiction over this declaratory judgment action.

However, the second and third *Brillhart* factors weigh in favor of exercising jurisdiction. While General could have brought this lawsuit in state court, INB has cited no authority, and this Court is aware of none, stating that an insurer may not seek declaratory relief from a federal court under diversity jurisdiction. *See Merritt*, 974 F.2d at 1199. To the contrary, "it is a common practice for insurers to seek declaratory relief in federal court while underlying cases are proceeding in state court." *Northfield Ins. Co. v. Civic Ctr. Hotel, LLC*, 239 F. Supp. 3d 1163, 1172 (N.D. Cal. 2017). The Court finds no evidence of forum shopping. In addition, allowing this action to proceed would not result in duplicative litigation because General is not a party to the underlying state court action, and the limit of INB's insurance coverage is not at issue in that case.

Other considerations also weigh in favor of hearing this case. General contends that it is entitled to declaratory relief "based upon the operative allegations in the complaint, not on any extrinsic evidence or factual determination of any actual liability." ECF No. 28-1 ¶ 9. It agrees that if the Court determines "that the coverage issue requires the resolution of INB's liability in fact, and evidence on which it is based," then the parties must "look to any judgment to be entered in the Underlying Action and the evidence presented at that trial on which any judgment would be based." Id. ¶ 10; *see also Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287, 301 ("To eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action."). Given General's narrow framing of the issues, there is no risk that any party will "obtain a 'res judicata' advantage" in the state court action. *Dizol*, 133 F.3d at 1225 n.5. Moreover, when coverage questions "do not turn on the facts to be litigated" in an underlying action, an insurer "has a right to obtain a judicial determination as to its obligation to insureds without waiting for resolution" of that action.

*Liberty Ins. Underwriters, Inc. v. Davies Lemmis Raphaely Law Corp.*, No. CV15-859 DMG (JCx), 2015 WL 12912364 (C.D. Cal. June 1, 2015), *aff'd*, 708 F. App'x 374 (9th Cir. 2017).

INB also argues that it should not be forced to wage a two-front war, against West Overland in state court and General in this one, but that argument is not persuasive given the limited proceedings under consideration. INB has already filed an opposition to General's motion for summary judgment, arguing for relief under Federal Rule of Civil Procedure 56(d). ECF No. 20. As discussed below, the Court will deny INB's Rule 56(d) request and require supplemental briefing. But this is not unduly burdensome or prejudicial, and it does not weigh in favor of a stay. The Court will consider the merits of General's summary judgment motion.

### III. RULE 56(d) REQUEST

Based on its desire to conduct "discovery regarding the exact nature of the acts of negligence alleged in the underlying action and regarding [General's] underwriting and claims handling prior to its denial of INB's claim for coverage under the [General] policies," INB seeks denial or a deferred ruling on General's summary judgment motion under Federal Rule of Civil Procedure 56(d). ECF No. 20 at 6. To prevail on a Rule 56(d) request, a party "opposing a motion for summary judgment must make (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

The Court will deny INB's Rule 56(d) request. First, General's motion for summary judgment does not rely on the "exact nature" of INB's actions at issue in the underlying action. Instead, it is based on General's contention "that the claims relating to both fires arise out of the 'same' or 'related' 'wrongful acts,' regardless of any theoretical separate acts of negligence in not getting the policy amended or replaced" after the 2016 fire. ECF No. 28 at 7. To defeat summary judgment on these grounds, discovery into the specific acts of negligence West Overland intends to prove in the underlying action is unnecessary. The question is whether West Overland's

6

complaint "can by [any] conceivable theory raise a single issue which could bring it within the policy coverage." *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 288 (2014) (quotation marks and citation omitted). INB must only "prove the existence of a *potential for coverage*" – i.e., that there is some potential that the claims relating to the 2016 and 2017 fires do not arise out of the same or related wrongful acts, not that the claims are, in fact, unrelated. *Montrose*, 6 Cal. 4th at 300 (emphasis in original).

Second, INB argues that it needs discovery into General's claims and underwriting files, including depositions of persons most knowledgeable about General's claims and underwriting procedures. But General has already provided copies of its claims and underwriting files to INB. ECF No. 28-1 ¶¶ 4, 6-7. In addition, General's counsel has declared under penalty of perjury that she has investigated whether any claims or underwriting manuals contain provisions discussing the limits of liability provision at issue in this case, and she has determined "that there are no such provisions." *Id.* ¶ 9. Although INB's counsel states that the discovery it seeks "is likely to produce evidence that will raise triable issues of fact defeating the summary judgment motion," ECF No. 20-1 ¶ 10, this conclusory statement is insufficient to meet INB's burden "to show that the evidence sought exists, and that it would prevent summary judgment." *Chance*, 242 F.3d at 1161 n.6.

## CONCLUSION

INB's motion to dismiss or stay is denied. INB's Rule 56(d) request to deny or defer ruling on General's motion for summary judgment is also denied. However, the Court grants INB's alternative request for an opportunity to oppose General's summary judgment motion on the merits. INB may file a supplemental opposition brief by January 18, 2019. General may file an optional reply by January 29, 2019. The summary judgment motion will then be deemed submitted on the papers unless otherwise ordered.

/ / /

/ / /

/ / /

/ / /

The case management conference currently scheduled for December 19, 2018 is vacated.

**IT IS SO ORDERED.**

Dated: December 14, 2018



JON S. TIGAR
United States District Judge